IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3126-D

| | | |
|---|---|---|
| ERIC D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DENNIS ROWLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Eric D. Davis ("Davis" or "plaintiff"), a state inmate, filed this pro se 42 U.S.C. § 1983 action. On March 18, 2008, the court entered an order [D.E. 9] which found the case to survive frivolity review pursuant to 28 U.S.C. § 1915(e)(2). On the same day, the Clerk requested that North Carolina Prisoner Legal Services (NCPLS) investigate the claim [D.E. 10]. Prior to NCPLS's response to the order of investigation, plaintiff filed two motions to amend [D.E. 14 & 16], which corrected named parties within the complaint. On June 16, 2008, NCPLS responded to the order of investigation and stated that it would provide representation to plaintiff [D.E. 17]. With the response, Dekhasta Becton Rozier made her appearance as plaintiff's counsel. Id. On the same day, counsel filed an amended complaint [D.E. 18-2]. On July 7, 2008, defendants filed an answer to the amended complaint [D.E. 19], a motion for judgment on the pleadings [D.E. 20], and memorandum of law in support of the motion [D.E. 21]. Counsel for plaintiff did not respond to the motion for judgment on the pleadings. However, on July 26, 2008, plaintiff's counsel filed a response to the order for discovery stipulation [D.E. 23]. Further, on August 14, 2008, counsel for plaintiff filed a notice of substitution of counsel from Rozier to Elizabeth Albiston [D.E. 24].

Defendants' motion for judgment on the pleadings is based on plaintiff's failure to exhaust the prison's administrative remedies. As explained below, plaintiff's motions to amend are allowed, and defendants' motion for judgment on the pleadings is granted.

I.

Plaintiff is allowed to amend his complaint once as a matter of right before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1)(A). Otherwise, a party may amend the party's pleading only by leave of court, and leave shall be given when justice so requires. Fed. R. Civ. P. 15(a)(2).[1] No responsive pleading had been filed at the time of the amendments. While two amendments were filed pro se prior to appearance by counsel, in the interest of justice, all three amendments are allowed.

II.

The court next turns to the motion for judgment on the pleadings. In it, defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Defs.' Mem. Supp. Defs.' Mot. for J. on the Pleadings 3–6.

The Prison Litigation Reform Act ("PLRA") states, "No action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 127 S. Ct. 910, 921 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 127 S. Ct. at

---

[1] A party may also amend after obtaining written consent from the opposing party. Fed. R. Civ. P. 15(a)(2). No such consent has been provided here, as service has yet to be perfected.

2

918–19 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The North Carolina Department of Correction has an administrative remedy procedure which governs the filing of grievances. See, e.g., Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006) (unpublished).

Plaintiff filed this action on September 20, 2007. In his complaint, plaintiff indicates that he had presented the facts relating to his complaint through the state inmate grievance procedure. See Compl. ¶ II. However, in explaining the result of the grievance procedure, plaintiff states, "My grievance was accepted 9/6/07. I appeal[ed] the Grievance on 9/11/07. D[ue] to the respon[s]e I was giv[en], I could say it wasn't a investigation." Id. In fact, at the time plaintiff filed his complaint, he had completed only Step 1 of the grievance procedure. See Defs.' Answer, Ex. A (administrative remedy procedure form). Plaintiff did not complete Step 2 of the grievance procedure until September 27, 2007, and Step 3 became final on November 6, 2007. See id.

At the time plaintiff filed suit, plaintiff had not fully exhausted his administrative remedies because he had completed only step 1 of the grievance procedure. See Compl. ¶ II; Defs.' Answer, Ex. A. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

Accordingly, plaintiff's motions to amend are ALLOWED. However, defendants' motion for judgment on the pleadings for failure to exhaust administrative remedies is GRANTED, and the action is DISMISSED without prejudice.

SO ORDERED. This 22 day of September 2008.

*JAMES DEVER* (signature)
JAMES C. DEVER III
United States District Judge

4